J-S09037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CESAR A. MORALES :
:
Appellant : No. 2024 EDA 2024

Appeal from the PCRA Order Entered June 25, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001036-2017

BEFORE: LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 8, 2025**

Cesar A. Morales appeals ***pro se*** from the June 25, 2024 order

dismissing his petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the relevant factual background of this case

as follows:

> This case stems from a series of events wherein
> [Appellant] was hired to murder a woman believed to
> be a witness against another man. That man, co-
> defendant Joseph Wesley (hereinafter "Wesley") hired
> a hitman to kill the witness. At the time he conceived
> of the murder for hire scheme, Wesley was on the run
> from law enforcement and was the subject of an active
> felony arrest warrant for the delivery of guns and
> drugs. Wesley believed that a woman named Danielle
> Miller was an informant for law enforcement; he
> further believed that her cooperation was the reason

_____

[*] Former Justice specially assigned to the Superior Court.

law enforcement charged him. Initially, Wesley hired co-defendant Darelle Bean (hereinafter "Bean") to kill Ms. Miller. Bean accepted the task, but he later decided he did not want to murder a woman. When Bean decided that he could not actually commit the murder himself, he hired a second hitman to commit the murder for hire [in exchange for $2,000.00]; that second hitman was Appellant.

On December 2, 2016, Appellant and Bean drove to Norristown, Montgomery County together to find the target. Once Appellant and Bean located the intended victim, Danielle Miller, Appellant fired multiple shots attempting to kill her as she sat in a car outside her home with another individual, later identified as Stephen Rowl. Appellant also fired shots upon Mr. Rowl in the car where they were found. Appellant shot, struck and injured both Danielle Miller and Stephen Rowl. Ms. Miller suffered bullet wounds to her right hand and left bicep. Mr. Rowl suffered bullet wounds to his right, side torso and his right leg. Both victims sustained numerous gunshot wounds and were injured, but thankfully survived.

PCRA court opinion, 9/27/24 at 1-2.

The relevant procedural history of this matter, as gleaned from the certified record, is as follows: On May 30, 2018, Appellant entered an open guilty plea to two counts of attempted murder and one count each of persons not to possess, use, manufacture, control, sell or transfer firearms and criminal conspiracy.[1] Appellant was sentenced on November 17, 2021 to an aggregate term of 30 to 60 years' imprisonment and ordered to pay $6,000.00 in restitution to the victims. Appellant filed a timely post-sentence motion for

_____

[1] 18 Pa.C.S.A. §§ 901, 2502, 6105(a), 903(a), respectively.

reconsideration of sentence that was denied by the trial court on January 10, 2022.[2]

On January 14, 2022, Donald Bermudez, Esq. entered his appearance for Appellant and filed a direct appeal on his behalf on January 28, 2022. On January 6, 2023, a panel of this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Morales*, 292 A.3d 1080 (Pa.Super. 2023). Appellant did not seek allowance of appeal with our Supreme Court.

Thereafter, on March 16, 2023, Attorney Bermudez filed a motion to withdraw and no-merit letter in accordance with *Turner*/*Finley*.[3] Appellant, in turn, indicated his desire to proceed *pro se*. Following a *Grazier*[4] hearing on May 16, 2023, the PCRA court determined that Appellant knowingly, intelligently, and voluntarily waived his right to counsel and granted Attorney Bermudez's motion to withdraw.

On June 27, 2023, Appellant filed a timely *pro se* PCRA petition, wherein he requested that the PCRA court appoint counsel to represent him. On August 3, 2023, the PCRA court appointed Louise Petrillo, Esq. to represent Appellant and granted counsel 60 days to review the record and determine

---

[2] Appellant was represented during his guilty plea and sentencing by Wana Saadzoi, Esq. (hereinafter, "plea counsel"),

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

whether to file an amended PCRA petition or no-merit letter. Following an extension of time, Attorney Petrillo filed a motion to withdraw and no-merit letter on January 4, 2024.

On February 12, 2024, the PCRA court granted Attorney Petrillo's motion to withdraw and provided Appellant with notice of its intention to dismiss his petition without an evidentiary hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a *pro se* response to the PCRA court's Rule 907 notice on February 20, 2024. Thereafter, on June 25, 2024, the PCRA court entered an order dismissing Appellant's petition without a hearing. Appellant, who is incarcerated, filed a *pro se* notice of appeal on July 31, 2024.[5, 6]

Appellant raises the following issues for our review:

> [1.] Did the PCRA court err in dismissing Appellant's PCRA petition without an evidentiary hearing on the grounds of ineffective assistance of counsel?
>
> [2.] Was Appellant's guilty plea unknowing and unintelligent due to trial counsel's failure to advise about sentencing enhancements, failure

---

[5] The record reflects that although Appellant's notice of appeal was time-stamped as filed on July 31, 2024, his appeal was timely because a post-marked envelope in the certified record reveals that it was deposited with prison authorities on July 22, 2024. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa.Super. 2011) (holding, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing."), *appeal denied*, 46 A.3d 715 (Pa. 2012); *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (stating, "any reasonably verifiable evidence of the date that the prisoner deposits" the document with prison authorities is acceptable to satisfy the prisoner mailbox rule).

[6] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

> to provide a clear understanding of the elements, and restitution?

Appellant's brief at 3.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

In his first claim, Appellant baldly contends that the PCRA court erred in failing to conduct an evidentiary hearing on plea counsel's purported ineffectiveness. **See** Appellant's brief at 3. This court has long recognized that "there is no absolute right to an evidentiary hearing on a PCRA petition[.]" **Commonwealth v. Maddrey**, 205 A.3d 323, 328 (Pa.Super. 2019) (citation omitted), **appeal denied**, 218 A.3d 380 (Pa. 2019). When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying

relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa.Super. 2004). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted); ***see also Maddrey***, 205 A.3d at 328 (stating, "if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.").

Appellant contends that an evidentiary hearing was warranted in this matter because his plea counsel's "failure to advise [him] about sentencing enhancements, … the elements, and restitution" induced him into entering an unknowing and involuntary guilty plea. Appellant's brief at 3.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013).

Our Supreme Court has long held:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [an a]ppellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Commonwealth v. Mitchell*, 105 A.3d 1257, 1272 (Pa. 2014) (citations omitted).

Lastly, we emphasize that "counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Upon review, we find that Appellant has waived his claim that plea counsel's purported ineffectiveness induced him into entering an unknowing and involuntary plea. The record reflects that Appellant has failed develop his ineffectiveness claim nor included a single citation to the May 30, 2018 guilty plea hearing transcript in the "Argument" section of his *pro se* appellate brief. *See* Appellant's brief at 4-8. This Court has long recognized that the failure

to include citation or develop an issue in any other meaningful fashion capable of review results in waiver of the claim. ***Commonwealth v. Patterson***, 180 A.3d 1217, 1229 (Pa.Super. 2018), ***appeal denied***, 229 A.3d 562 (Pa. 2020). Appellant has also waived his claim by failing to cite to nor develop any of the three prongs of the aforementioned ineffectiveness test in his brief. ***See Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa.Super. 2014) (stating, "[w]hen an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." (citation and internal quotation marks omitted)). Moreover, Appellant's failure to attach a witness certification from plea counsel to any of his pleadings further diminishes his claim. ***See Commonwealth v. Brown***, 767 A.2d 576, 583 (Pa.Super. 2001) (concluding that a PCRA court did not abuse its discretion by failing to conduct an evidentiary hearing when the petitioner failed to provide any certifications for potential witnesses); ***see also*** 42 Pa.C.S.A. § 9545(d)(1).

Even if we were to reach the merits of Appellant's ineffectiveness claim, we would find that he is not entitled to relief because he failed to satisfy the first prong of the aforementioned test; namely, that his claim has arguable merit. As the PCRA court properly reasoned in its opinion,

> Appellant's claim that trial counsel was ineffective for failing to advise him of sentencing enhancements is without merit. Appellant does not specify which sentencing enhancements to which he refers. The court interprets this to mean the enhancement for serious bodily injury.

. . . .

Appellant was given ***de facto*** notice of the Commonwealth's intent to prove the serious bodily injury enhancement. The affidavit of probable cause attached to the criminal complaint detailed the serious injuries sustained by each victim: "Ms. Miller suffered bullet wounds to her right hand and left bicep. Mr. Rowl suffered bullet wounds to his right, side torso and his right leg." Appellant was properly notified at his guilty plea hearing and sentencing hearing of the sentencing guidelines, his sentencing exposure and the maximum sentence applicable to his case for the serious bodily injury enhancement. Appellant was on notice that his maximum exposure was consistent with a serious bodily injury charge. The court imposed a lawful mitigated sentence for the crimes of attempted murder. This claim of ineffectiveness of trial counsel has no merit.
This

. . . .

In this case, the Assistant District Attorney and Appellant's trial attorney discussed restitution in a conference with the undersigned prior to sentencing. Restitution was disclosed prior to sentencing. The Assistant District Attorney detailed the terms of restitution on the record at the outset of the sentencing hearing. Appellant did not object to these terms. Appellant did not request a hearing on restitution, and none was required. Appellant entered a knowing, intelligent and voluntary open plea of guilty. Appellant was aware that there was no agreement as to the sentence in this case and that his sentence (which includes restitution) would be imposed at the discretion of the undersigned. The Pennsylvania Superior Court affirmed Appellant's judgment of sentence on direct appeal. This allegation of ineffective assistance of trial counsel has no merit.

. . . .

> The transcript from the open guilty plea on May 30, 2018 supports a knowing, intelligent and voluntary plea. Trial counsel and the court conducted an oral colloquy of Appellant. Appellant can read, write and understand English and was not under the influence or suffering from any cognitive impairments. Appellant understood that he was entering an open guilty plea and that there were no agreements whatsoever as to sentence. Appellant understood that he could face consecutive sentences to the maximum terms of each charge. Appellant affirmed that he wished to enter into an open plea of guilty in which the sentence would be entirely in the hands of the court.
>
> During Appellant's oral colloquy, trial counsel reviewed with Appellant the maximum sentences for each crime and Appellant responded that he understood the maximum sentences. Appellant affirmed that no one forced, threatened or coerced him to enter the guilty plea. The court asked Appellant if he was satisfied with his attorney's representation, and Appellant responded "yes."
>
> The written colloquy and oral colloquy together addressed all the essential elements for a valid plea. Appellant was informed of the nature of his charges, the factual basis for his plea, his right to a trial by jury and the rights he was giving up by entering into the plea, the permissible ranges of sentences and fines for his charges, and that he was entering in to an open plea with no agreement.
>
> Appellant's guilty plea was knowing, intelligent and voluntary….

PCRA court opinion, 9/27/24 at 10, 15-16, 18-19 (citations and footnotes omitted).

Based on all of the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's PCRA petition without conducting an evidentiary hearing and affirm its June 25, 2024 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/8/2025